IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-160-BO

DANIELLE GORE SPIVEY, )
    Plaintiff, )
 )
v. )    **O R D E R**
 )
DETECTIVE KEVIN NORRIS, in his )
official and individual capacity; LEWIS L. )
HATCHER, in his official capacity as )
Columbus County Sheriff; and WESTERN )
SURETY CO., as the SURETY for the )
Columbus County Sheriff, )
    Defendants. )

This matter is before the Court on defendant Kevin Norris's motion to dismiss and plaintiff's motion to amend the complaint. Both motions are ripe for ruling. For the following reasons, defendant's motion is granted in part and denied in part, and plaintiff's motion is granted.

## BACKGROUND

On August 1, 2015, plaintiff filed her complaint in the instant action, asserting seven claims arising out of alleged harassment by Detective Kevin Norris of the Columbus County Sheriff's Department. Plaintiff alleges that she was the victim of a "malicious vendetta" by Detective Norris that culminated in frivolous criminal charges against which caused her personal and professional harm. Plaintiff sues Detective Norris in his official capacity via 42 U.S.C. § 1983 for violations of her First, Fourth, and Fourteenth Amendment rights, in his individual capacity via § 1983 for violations of her Fourth and Fourteenth Amendment rights, and in both his individual and official capacities under state law for malicious prosecution, abuse of process, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff

also sues Sheriff Lewis Hatcher in his official capacity via § 1983 for violations of her First, Fourth, and Fourteenth Amendment rights and for negligent infliction of emotional distress under state law under a theory of supervisory indifference, inaction, or failure to supervise. Detective Norris now argues that the charges against him are redundant and should be dismissed as such because Sheriff Hatcher also is a named defendant in this suit.

## DISCUSSION

Detective Norris has moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Defendant argues that suits against officers in their official capacities "represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). Detective Norris argues that because sheriff's detectives are the employees of the sheriff, plaintiff's official capacity claims against

2

Detective Norris are in fact claims against Sheriff Hatcher. Although defendant is correct that the claims against Detective Norris in his official capacity represent a way of pleading an action against the Sheriff's Office, his argument argument ignores the fact that the Court does not analyze whether the parties are redundant, but instead analyzes whether the claims are redundant. *See, e.g., Gantt v. Whitaker*, 203 F. Supp. 2d 503 (M.D.N.C.), *aff'd by* 57 F. App'x 141 (4th Cir. 2003). Detective Norris is the only party named (in both his official and individual capacity) in claims one and two as well as claims four through six. Sheriff Hatcher is the only party in claim three, which asserts that he is liable for his failure to train and supervise rather than for his direct actions against plaintiff. To dismiss the claims pled solely against Detective Norris in his official capacity would remove the Sheriff's Department entirely from these claims. Accordingly, the claims against Detective Norris are not redundant, and defendant's motion is denied as to claims one, two, four, five, and six.

Claim seven presents a different scenario. That claim asserts negligent infliction of emotional distress against Detective Norris in his official and individual capacity and Sheriff Hatcher in his official capacity. Plaintiff concedes that this claim is redundant, but argues that the need for public accountability merits suit against both Detective Norris and Sheriff Hatcher in their official capacities. *See, e.g., Chase v. City of Portsmouth*, 428 F. Supp. 2d 487, 489 (E.D.Va. 2006) Where plaintiff has also sued the individual defendant in his individual capacity as well as the entity—in this case Sheriff Hatcher in his official capacity—the public policy reasons for allowing a redundant claim to proceed are diminished. Asserting the same claim against Defendant Norris and Sheriff Hatcher in their official capacity is simply pleading the claim against the Sheriff's Department twice. Accordingly, defendant's motion is granted as to claim seven.

3

Plaintiff has filed a motion to amend the complaint that does not add new parties or substantively different facts, but seeks to clarify the claims for relief. Defendant has not objected to plaintiff's motion to amend. As the time for amendment as a matter of course has passed, plaintiff may amend "only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted). Here, there is no indication by either party that any of the conditions above counsel against granting plaintiffs' motion to amend. Therefore, plaintiffs' motion to amend is granted, but plaintiff is directed to file a new amended complaint within five days of the date this Order is filed that comports with the Court's instant ruling. Defendant shall have fourteen days from the date the amended complaint is filed to respond.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 23] is GRANTED IN PART as to claim seven and DENIED IN PART as to all other claims. Plaintiff's motion for leave to amend the complaint [DE 28] is GRANTED.

Within five days of the date this Order is filed, plaintiff is DIRECTED to file an amended complaint that is identical to her proposed amended complaint save that it comports with the Court's ruling on defendant's motion to dismiss by removing Detective Norris in his official capacity from claim seven. Defendant shall have fourteen days from the date the amended complaint is filed to respond.

SO ORDERED, this ___7___ day of January, 2016.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE